PETER C. ERICKSON v. PETER P. RUSS, Defendant, and Mary L. Russ, Defendant and Respondent.

(129 N. W. 1029.)

**Mechanics' Lien — Foreclosure — Rights of Purchaser — Subject to Lien.**

    A person who purchases premises upon which there is a valid mechanics' lien cannot compel the lienor to exhaust his legal remedies against the original debtor before resorting to the security of his lien.

Opinion filed January 25, 1911.

Appeal from District Court, Billings county; *Crawford,* J.

Action by Peter C. Erickson against Peter P. Russ and another to foreclose a mechanics' lien. From a judgment sustaining the demurrer of defendant Mary L. Russ to the complaint, plaintiff appeals.

Reversed with directions to overrule demurrer.

*Joseph Denoyer,* for appellant.

*Keohane & Gallagher,* for respondent Mary L. Russ.

BURKE, J. This is a companion case to Erickson v. Russ, ante, 208, decided to-day by this court. An examination of the opinion in said case will disclose the facts in this case and also dispose of most of the questions of law arising on this record.

The defendant Mary L. Russ, this respondent, however, makes the further point that, "before the property of a third party can be subject to the payment of the debt of another, the complaint must allege that an execution has been issued against the property of the principal debtor, and returned unsatisfied."

Even if this statement were true, it would not apply to the case at bar. The plaintiff herein is not seeking to enforce his debt against Mary L. Russ, nor to hold her as guarantor. He does not ask for a de-

ficiency judgment against her. He is in pursuit of property upon which he has a valid lien, and asks only that his lien be adjudged to be prior to the claim of respondent; that said property be sold to satisfy his said lien, and, if necessary, for a deficiency judgment against Peter P. Russ alone.

The demurrer should have been overruled, and the District Court will so order. All concur.